833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth R. FAERBER, Plaintiff-Appellant,
and
Kori Lynn Faerber, a minor, by Kenneth R. Faerber, her
parent and next friend, Kristopher Ryan Faerber, a
minor, by Kenneth R. Faerber, his parent
and next friend, Plaintiffs,
v.
Ken HECHLER, Hon., individually and as Secretary of State of
the State of West Virginia, Charles E. King, Jr., Hon.,
individually and as Prosecuting Attorney of Kanawha County,
State of West Virginia, Defendants-Appellees.
 No. 87-1046.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 6, 1987.
Decided: Nov. 18, 1987.
 
 James Knight Brown, Sr. (James R. Snyder, Wendel B. Turner, Jackson, Kelly, Holt & O'Farrell on brief) for appellants.
 Robert Eugene Wilkinson, Special Assistant Attorney General, Office of the Secretary of State for appellees.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Kenneth R. Faerber was appointed in 1986 to the position of Commissioner of the West Virginia Department of Energy. That appointment followed Faerber's giving of $1,000 to the man subsequently elected as Governor of West Virginia, Arch A. Moore, Jr.; he also assisted his two children in their each contributing an additional $1,000 for the election of Mr. Moore. The children were, at the time the gifts were made, six years old and eight years old respectively.
 
 
 2
 Facing the prospect of prosecution for violation of West Virginia Code Sec. 3-8-12(f), Faerber brought a declaratory judgment action against the West Virginia Secretary of State and the prosecuting attorney for Kanawha County, West Virginia, in which he sought a judicial pronouncement that the act was unconstitutionally vague on its face and as applied.
 
 The statute provided that:
 
 3
 No person shall, directly or indirectly, make any contribution in excess of the value of one thousand dollars in connection with any campaign for nomination or election to or on behalf of any statewide or national elective office, or in excess of the value of one thousand dollars, in connection with any other campaign for nomination or election to or on behalf of any other elective office in the state or any of its subdivisions, or in connection with or on behalf of any committee or other organization or person engaged in furthering, advancing or advocating the nomination or election of any candidate for such office.
 
 
 4
 Against Faerber's contentions of overbreadth and other assaults on the constitutionality of the statute, Judge Copenhaver wrote comprehensively, extensively, and persuasively in his opinion in which he granted summary judgment to the defendants.[1] For the reasons he advanced, we concur in what he has written and affirm his judgment. Faerber v. Hechler, C/A 2:86-0667 (S.D.W.Va. Jan. 15, 1987).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The district court's denial of standing to the two children was not appealed, and we venture no opinion on that issue